# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 8:15CR121 |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| DANIELLE ZELAZNY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motions to suppress by defendant Danielle Zelazny (Zelazny) (Filing Nos. 39, 39-2, and 39-4). Zelazny is charged in an Indictment with threatening a federal confidential informant in violation of 18 U.S.C. § 1513(b)(2) (Count I) and the possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g) (Count II). Zelazny seeks to suppress evidence seized from her phones, residence, and automobile during April 2015. Zelazny also seeks a hearing pursuant to ***Franks v. Delaware***, 438 U.S. 154 (1978) concerning the first search warrant.

The court held an evidentiary hearing on November 24, 2015. Zelazny was present with her counsel, Barbara J. Thielen. The United States was represented by Special Assistant U.S. Attorney Jeremy K. Anderson. There was no testimony, and the court received into evidence the following exhibits:

        Exhibit 101 - Application for Search Warrant 8:15MJ94;
        Exhibit 102 - Search and Seizure Warrant 8:15MJ94;
        Exhibit 103 - Application for Search Warrant 8:15MJ99;
        Exhibit 104 - Search and Seizure Warrant 8:15MJ99;
        Exhibit 105 - Application for Search Warrant 8:15MJ107;
        Exhibit 106 - Warrant Return 8:15MJ107;
        Exhibit 107 - Sprint Corporation Information;
        Exhibit 108 - Sprint Corporation Contact Information;
        Exhibit 109 - Search Warrant Return 8:15MJ94;
        Exhibit 110 - DEA Report of Investigation (Page 3 of 5);
        Exhibit 111 - DEA Report of Investigation (Page 4 of 5); and

Exhibit 12 - DEA Report of Investigation (Pages 1 to 5).

A transcript (TR.) of the hearing was prepared and filed on December 4, 2015 (Filing No. 51). There was no post-hearing briefing.

**Findings of Fact**

On April 8, 2015, Officer Jon Edwards (Officer Edwards) applied for a federal search warrant (Exhibit 101) for a search of cell phone records of telephone number (402) 595-0900 as a Confidential Source (CS) was receiving threatening messages including pictures from Zelazny and telephone number (402) 595-0900. Unsure where Zelazny was residing and believing Zelazny would be carrying the cell phone, Officer Edwards sought a warrant to locate Zelazny and the cell phone. Officer Edwards believed the target cell phone wireless service provider was the Sprint Corporation. Officer Edwards invoked not only Fed. R. Crim. P. 41 but also 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A). Based on the affidavit, a warrant was issued on April 8, 2015, pursuant to 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Fed. R. Crim. P. 41 (Exhibit 102). The warrant authorized the search of cell phone (402) 595-0900 indicating the information about the location of the target telephone was within the possession of the Sprint Corporation. The warrant is also known as a "ping" warrant able to track the location of the target telephone.

Officer Edwards and his investigative team were provided the location of the target telephone by GPS monitoring and were able to conduct surveillance of Zelazny at various locations in the Omaha, Nebraska, area. On April 9, 2015, Officer Edwards applied for a second search warrant to search a residence in Bellevue, Nebraska, a 2000 Chevrolet Blazer, and the seizure of the target cell phone (Exhibit 103). In his affidavit, Officer Edwards included the information received from the first warrant as to Zelazny's target cell phone monitoring, investigation conducted as a result of that monitoring, and information as to Zelazny's threatening of a CS in a drug trafficking investigation. On April 9, 2015, a warrant was issued as requested for the property (residence, motor vehicle, and cell phone) (Exhibit 104).

On April 17, 2015, Officer Edwards applied for a search warrant for a forensic examination of the contents of the target cell phone which had been seized pursuant to the

2

previous search warrant and was then located in the Non-Drug Evidence Vault of the DEA in Omaha, Nebraska (Exhibit 105). On April 17, 2015, a warrant was issued as requested in the application.

**Analysis**

In **Franks v. Delaware**, 438 U.S. 154 (1978), the Supreme Court defined a limited exception to the presumptive validity of an affidavit supporting a search warrant or wire interception order. The Court held that, if the government intentionally includes material false statements in the application or affidavit or omits material statements with a reckless disregard for the truth that is the legal equivalent of intentional falsehood, a court reviewing a motion to suppress must "set aside those statements and then review the remaining portions of the affidavits to see if what remains [is] sufficient to establish probable cause" or include such omitted statements to determine whether there would be probable cause to issue the warrant. **United States v. Garcia**, 785 F.2d 214, 222 (8th Cir. 1986). As stated by the Eighth Circuit in **United States v. Falls**, 34 F.3d 674 (8th Cir. 1994):

> The defendant may challenge a facially sufficient affidavit by showing that the facts included in the affidavit are false or were made in reckless disregard of the truth, or that facts were omitted with the intent to mislead or in reckless disregard of whether it was misleading. The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the remaining contents of the affidavit are sufficient to establish probable cause. If the remaining contents are insufficient to establish probable cause, the warrant must be voided and the fruits of the search suppressed.

*Id.* at 681 (citations omitted); **see also United States v. Montes-Medina**, 570 F.3d 1052 (8th Cir. 2009); **United States v. Williams**, 477 F.3d 554 (8th Cir. 2007).

To succeed in a **Franks**-type challenge to the validity of a search warrant, a defendant bears the burden to establish by a preponderance of the evidence the affiant, either knowingly and intentionally, or with reckless disregard of the truth, included a false statement within the warrant affidavit. **Franks**, 438 U.S. at 155-56; **United States v. Williams**, 981 F.2d 1003, 1005 (8th Cir. 1992). The same analysis applies to omissions

of fact. The defendant must show the facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading. ***United States v. Humphreys***, 982 F.2d 254, 258 n.2 (8th Cir. 1992); ***United States v. Reivich***, 793 F.2d 957, 960-61 (8th Cir. 1986); ***United States v. Leuth***, 807 F.2d 719, 726 (8th Cir. 1986). The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the affidavit's remaining contents are sufficient to establish probable cause. **See *Franks***, 438 U.S. at 156.

In order to be entitled to a ***Franks*** hearing, the Eighth Circuit has held the defendant must satisfy two requirements: "First, the defendant must make a substantial preliminary showing of an intentional or reckless falsehood in the affidavit. The substantiality requirement is not lightly met. Allegations of negligence or innocent mistake are insufficient. Second, the allegedly false statements must be necessary to the finding of probable cause." ***United States v. Schenk***, 983 F.2d 876, 879 (8th Cir. 1993) (internal citations omitted); **see also *United States v. Freeman***, 625 F.3d 1049, 1052 (8th Cir. 2010). If these requirements are not met, no ***Franks*** hearing is required. ***United States v. Wajda***, 810 F.2d 754, 759 (8th Cir. 1987).

Zelazny claims the false statement in Exhibit 101 and 102 is that the Sprint Corporation is located in Kansas and not Nebraska. Apart from being a false statement, Zelazny argues the misstatement is material since if that fact had been made known to the issuing magistrate, the warrant would not have been issued under Rule 41, Fed. R. Crim. P. as the property would not be within the judicial district of the magistrate judge. It is noted the application and warrants do not state the Sprint Corporation is in Nebraska. They merely seek the assistance of the Sprint Corporation to locate a cell phone believed to be in the District of Nebraska. 18 U.S.C. § 2703(c) provides:

> (c) Records concerning electronic communication service or remote computing service.
>> (1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--

4

> (A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction; . . . .

Additionally, 18 U.S.C. § 2711(3) provides:

> (3) the term "court of competent jurisdiction" includes--
> (A) any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals that--
> (i) has jurisdiction over the offense being investigated;
> (ii) is in or for a district in which the provider of a wire or electronic communication service is located or in which the wire or electronic communications, records, or other information are stored; or
> (iii) is acting on a request for foreign assistance pursuant to section 3512 of this title; or
> (B) a court of general criminal jurisdiction of a State authorized by the law of that State to issue search warrants; . . . .

Since the target cell phone and the conduct prohibited (i.e., witness tampering) were located in the District of Nebraska, the issuing magistrate judge had the authority under 18 U.S.C. §§ 2703 and 2711 to issue the "ping" warrant. **See *United States v. Lopez-Acosta*, 2014 WL 3828225 (D. Neb. Aug. 4, 2014) (Smith Camp).** Regardless of what was inserted into a search warrant affidavit as to the location of the cell phone provider, the warrant complies with the requirements of the Fourth Amendment.

Zelazny claims the second warrant (Exhibit 104) is also defective since it contains false statements as to the residence address and the location of the cell phone. The residence address was misstated in the affidavit as "308 Hancock Street" but later corrected in Attachment A as "1308 Hancock Street" and was set forth on the face of the search warrant. This appears to be a typographical error and a harmless error. Zelazny claims Officer Edwards' statement that the device or cell phone was located in Zelazny's possession was false as it was seized from her at the time of arrest. However, the claimed

statement must be read in the context of the entire affidavit and it is clear such statement did not mislead the issuing magistrate judge.

As to the ping warrant (Exhibit 102) and residential warrant (Exhibit 104), Zelazny has failed to make a showing entitling her to a ***Franks*** hearing. Her request should be and is denied.

After reviewing all three warrants in issue, I find there is probable cause for the issuance of the warrants and that all three of the warrants comply with the Fourth Amendment. Zelazny's motions to suppress should be denied.

**IT IS RECOMMENDED TO SENIOR JUDGE JOSEPH F. BATAILLON that:**

Zelazny's motions to suppress (Filing Nos. 39, 39-2, and 39-4) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) business days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 7th day of January, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge