IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>DANIELLE ZELAZNY,<br><br>          Defendant. | **8:15CR121**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendant's objection, Filing No. 59, to the findings and recommendation of the magistrate judge, Filing No. 53, denying defendant's motion to suppress and for a *Franks* hearing, Filing No. 39. Zelazny is charged in an Indictment with threatening a federal confidential informant in violation of 18 U.S.C. § 1513(b)(2) (Count I) and for possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g) (Count II). Zelazny sought to suppress evidence seized during the April 2015 search from her phones, residence, and automobile. Zelazny also sought a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) concerning the initial search warrant. The magistrate judge recommended that the claimant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court has conducted a de novo determination of those portions of the findings and recommendation ("F&R") to which the claimant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). After carefully reviewing the record, the Court concludes that the findings and recommendation of the magistrate court will be adopted.

**BACKGROUND**

The factual and legal findings of the magistrate judge are essentially correct and are adopted herein. The magistrate judge stated:

> On April 8, 2015, Officer Jon Edwards (Officer Edwards) applied for a federal search warrant (Exhibit 101) for a search of cell phone records of telephone number (402) 595-0900 as a Confidential Source (CS) was receiving threatening messages including pictures from Zelazny and telephone number (402) 595-0900. Unsure where Zelazny was residing and believing Zelazny would be carrying the cell phone, Officer Edwards sought a warrant to locate Zelazny and the cell phone. Officer Edwards believed the target cell phone wireless service provider was the Sprint Corporation. Officer Edwards invoked not only Fed. R. Crim. P. 41 but also 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A). Based on the affidavit, a warrant was issued on April 8, 2015, pursuant to 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Fed. R. Crim. P. 41 (Exhibit 102). The warrant authorized the search of cell phone (402) 595-0900 indicating the information about the location of the target telephone was within the possession of the Sprint Corporation. The warrant is also known as a "ping" warrant able to track the location of the target telephone. Officer Edwards and his investigative team were provided the location of the target telephone by GPS monitoring and were able to conduct surveillance of Zelazny at various locations in the Omaha, Nebraska, area. On April 9, 2015, Officer Edwards applied for a second search warrant to search a residence in Bellevue, Nebraska, a 2000 Chevrolet Blazer, and the seizure of the target cell phone (Exhibit 103). In his affidavit, Officer Edwards included the information received from the first warrant as to Zelazny's target cell phone monitoring, investigation conducted as a result of that monitoring, and information as to Zelazny's threatening of a CS in a drug trafficking investigation. On April 9, 2015, a warrant was issued as requested for the property (residence, motor vehicle, and cell phone) (Exhibit 104). On April 17, 2015, Officer Edwards applied for a search warrant for a forensic examination of the contents of the target cell phone which had been seized pursuant to the previous search warrant and was then located in the Non-Drug Evidence Vault of the DEA in Omaha, Nebraska (Exhibit 105). On April 17, 2015, a warrant was issued as requested in the application.

Filing No. 53, at 2-3.

**MAGISTRATE JUDGE'S FINDINGS**

The magistrate judge first determined that the defendant did not satisfy the two requirements that entitle one to a *Franks* hearing. "First, the defendant must make a substantial preliminary showing of an intentional or reckless falsehood in the affidavit. The substantiality requirement is not lightly met. Allegations of negligence or innocent mistake are insufficient. Second, the allegedly false statements must be necessary to the finding of probable cause." *United States v. Schenk*, 983 F.2d 876, 879 (8th Cir. 1993) (internal citations omitted); *see also United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010). If these requirements are not met, no *Franks* hearing is required. *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987). The magistrate judge determined that the alleged false statement in Exs. 101 and 102, that Sprint is located in Kansas rather than Nebraska, is not what the warrant says. On the contrary, the magistrate judge found the warrant sought the assistance of Sprint Corporation in locating the particular cell phone believed to be in Nebraska. *See* 18 U.S.C. § 2703(c) and § 2711(3) (court of competent jurisdiction can issue a warrant to providers of electronic communication services). The magistrate judge found that since the alleged illegal conduct, witness tampering, occurred in Nebraska, the issuing judge had the authority under 18 U.S.C. §§ 2703 and 2711 to issue the ping warrant, relying on *United States v. Lopez-Acosta*, 2014 WL 3828225 (D. Neb. Aug. 4, 2014) (Smith Camp).

The magistrate judge also determined that the second warrant, Exhibit 105, misstated the address as 308 Hancock Street, rather than 1308 Hancock Street. The magistrate judge found this was a typographical error, was harmless, and was later corrected in Exhibits 103 and 104.

As a result of these findings, the magistrate judge concluded that defendant was not entitled to a *Franks* hearing. He further determined that probable cause existed for all three warrants at issue in this case and all three comply with the Fourth Amendment. Thus, he recommended to this Court that the motion to suppress and for a *Franks* hearing be denied.

**DISCUSSION**

Defendant objects to the magistrate judge's findings:

1. The Court erred in stating that "[The application and warrants] merely seek the assistance of the Sprint Corporation to locate a cell phone believed to be in the District of Nebraska." (F&R p. 4)
2. The Court erred in finding that "since the target cell phone and the conduct prohibited . . . were located in the District of Nebraska, the issuing magistrate judge had the authority under 18 U.S.C. § 2703 and 2711 to issue the "ping" warrant. (F&R p. 5)
3. The Court erred in finding that "[r]egardless of what was inserted into a search warrant affidavit as to the location of the cell phone provider, the warrant complies with the requirements of the Fourth Amendment." (F&R p. 5)
4. The Court erred in finding that "[a]s to the ping warrant (Exhibit 102) and residential warrant (Exhibit 104), Zelazny has failed to make a showing entitling her to a *Franks* hearing." (F&R p. 6)
5. The Court erred in finding "there is probable cause for the issuance of the warrants and that all three of the warrants comply with the Fourth Amendment." (F&R p. 6)

Filing No. 59, at 1-2.

Most of these objections center around the warrants related to the cell phone. The Court has carefully reviewed the record and the exhibits. The question raised is whether the magistrate had jurisdiction to issue a warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal R. Crim. P. 41(b). It is true that the location of the Sprint Company is not identified in the warrant. However, the face of the application clearly

states that the property to be searched is in the District of Nebraska.  Exhibits 103 and 104.  The Court finds that the information is not false or misleading.  It is clear from the language that the warrant, affidavit and attachments contemplated obtaining information from Sprint about a phone believed to be in Nebraska.  The Court agrees that the fact that Sprint is located in Kansas is not material to the issuance of the warrant.  There is also no showing that omission of the statement was knowing or intentional or made in reckless disregard for the truth.  *See Schenk*, 983 F.2d at 879.

The Court further finds that the Order directing Sprint to provide the cell phone information was issued by a court of competent jurisdiction.  The relevant investigation was based on happenings in Nebraska.  The offenses occurred in Nebraska, and the affidavit shows reasonable grounds to believe the information sought was relevant to and material to the criminal investigation.  Accordingly, the Court finds that the Order was properly issued under 18 U.S.C. § 2703(c)(1)(B) and (d).

Finally, the Court agrees with the magistrate judge that there exists probable cause for all three warrants and that all three warrants comply with the Fourth Amendment.  The affidavit contained information from both the confidential source and the investigating officers.  There clearly exists probable cause based on the totality of the circumstances.  *See United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).  Probable cause exists when an affidavit "sets forth sufficient facts to justify a prudent person in the belief that contraband will be found in a particular place" *United States v. Buchanan*, 167 F.3d 1207, 1211 (8th Cir. 1999).  Even if the Court concluded that the search warrants were not based on probable cause, which it does not, the warrants would still be upheld in this case.  "Because the disputed evidence was seized pursuant

5

to a warrant, it will not be excluded, even if a reviewing court determines that the supporting affidavit failed to establish probable cause, as long as the executing officers relied in an objectively reasonable good faith upon the warrant." *United States v. Vinson*, 414 F.3d 924, 930 (8th Cir. 2005). See also *United States v. Leon*, 468 U.S. 897, 922 (1984). Again, there is no showing of intentional misleading information in the warrant or affidavit, the magistrate judge was neutral, and the officers requested a warrant at every juncture of their investigation. The Court finds that probable cause existed, and if it did not, the good faith exception applies.

THEREFORE, IT IS ORDERED THAT:

1. The motion to suppress and for a *Franks* hearing, Filing No. 39, is denied;

2. The objections of the defendant, Filing No. 59, are overruled; and

3. The findings and recommendation of the magistrate judge, Filing No. 53, are adopted in their entirety.

Dated this 4th day of February, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge