IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                                    **8:15CR121**

          vs.

DANIELLE ZELAZNY,                                              **MEMORANDUM
                                                                AND ORDER**

                    Defendant.

This matter is before the court on defendant Danielle Zelazny's motion in limine to exclude all evidence obtained by the government during a search of the premises at 1308 Hancock Street in Bellevue, Nebraska, on April 9, 2015. Filing No. 107. Zelazny asserts the search warrant was not supported by probable cause, and that the *United States v. Leon*, 468 U.S. 897 (1984), good faith exception does not apply. Filing No. 108. For the reasons stated herein, the court grants Zelazny's motion.

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures and provides that a warrant may not be issued without probable cause. U.S. Const. amend. IV. To determine whether probable cause exists to support a search warrant we look at the totality of the circumstances. *United States v. Seidel*, 677 F.3d 334, 337 (8th Cir. 2012). A warrant is supported by probable cause if there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. *Id.* There must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue. *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). Generally speaking, evidence gained from a fourth-

amendment violation may not be used against a defendant at trial.   *United States v.*

*Quezada*, 448 F.3d 1005 (8th Cir. 2006).

The affidavit supporting the search warrant in this case asserted the following:

5. On April 8, 2015, affiant officer was contacted by a reliable Confidential Source (CS) who advised he/she was receiving several threatening text and picture messages via his/her mobile telephone. CS is currently in Nebraska and was receiving the threatening messages while in Omaha, Nebraska. CS advised the source of the threatening messages was a person known him/her as Danielle ZELAZNY as identified by the telephone number (402) 595-0900 (DEVICE) as well as pictures of her which the CS received. The first picture shows ZELAZNY pointing a gun at the camera, while the second photo shows ZELAZNY holding the gun barrel close to her face and she appears to be blowing the would be smoke away from the tip of the barrel.

6. Next, the content of the messages make reference to Ryan FRANKS and Esther DURHAM being arrested for miscellaneous counts of drug trafficking. Afterwards, a plain message with the word, "snitch" was received. According to CS, he/she received over 100 messages from the DEVICE between 10:00 pm on April 7, 2015 and 2:00 pm on April 8, 2015. Federal charges are currently pending against Franks and Durham in Case Number 8:14CR371. The CS provided information to DEA in that resulted in the arrest and indictment of Franks and Durham.

7. On April 8, 2015, affiant applied for and was granted a search warrant to track the location of the DEVICE which is believed to be in ZELAZNY's possession.

8. On April 9, 2015, Affiant officer began monitoring the GPS information from the DEVICE while a surveillance team attempted to locate ZELAZNY. About 0915 hours, ZELAZNY was located at 708 North 114th Street, which is Harry's Smoke and Vapor Shop in Omaha, Nebraska. ZELAZNY was positively identified by Special Agent Timothy Starmer as ZELAZNY was getting into her vehicle. The vehicle is a black 2000 Chevrolet Blazer, which is registered to her in the State of Nebraska (TWL-675). As ZELAZNY left the shop, the surveillance team began following her vehicle. At about 0945 hours, ZELAZNY drove past the CS's residence, but did not stop. The CS vehicle was not parked in the front of the residence as it normally would be at that time.

2

9. At approximately 1230, on April 9, 2015, surveillance officers followed ZELAZNY to the residence located at 1308 Hancock Street, Bellevue, NE. ZELAZNY entered the residence and then departed between 1245 and 1300. Upon leaving the residence ZELAZNY was stopped by law enforcement officer in the vicinity of Highway 370 and Golden Blvd in Bellevue and arrested. During the arrest, law enforcement smelled the odor of burnt marijuana and subsequently searched the vehicle. Law enforcement found a mason jar full of marijuana in ZELAZNY'S purse which was located in the passenger compartment of the vehicle.

8:15-mj-00099 (D. Neb, Apr. 9, 2015), Filing No. 1 at 3-5.  Property to be seized under the warrant included firearms, controlled substances, a cellular telephone, text messages, evidence of who used or owned the cellular telephone, photographs on the telephone, and records of internet history.  *Id.* at 14.

As a preliminary matter, the government argues this issue has already been decided.  Filing No. 109 at 2-3.  Zelazny previously filed motions before the magistrate judge to suppress three warrants, including the one at issue here.  Filing No. 39, 39-2, 39-4. Specifically, Zelazny had argued that the warrant at issue contained no factual basis establishing the reliability and credibility of the confidential source, and that it contained several incorrect facts regarding the location of the vehicle and of the cellular telephone.  *See* Filing No. 39-2 at 1-2.  The magistrate recommended denial of the motion to suppress because the apparently inadvertent misstatements of fact did not mislead the magistrate in issuing the warrant.  Filing No. 53 at 5-6.  The magistrate judge indeed found there was probable cause for the issuance of the warrant.  *Id.* at 6. This court adopted the magistrate judge's findings and recommendation in their entirety. Filing No. 54.

However, that order does not prevent the court from now finding the warrant lacked probable cause on other grounds.  The issue of whether the factual basis provided a sufficient nexus between the Hancock Street residence and the property sought was not at issue in the previous motions to suppress. Neither the magistrate judge nor the court considered the question at that time.  Thus it is incumbent upon the court, in the interest of justice, to decide the present motion in limine on the merits.

The affidavit does not support a finding of probable cause.  Paragraph 9 sets forth the only nexus between the property sought and the Hancock Street residence— an assertion that Zelazny stopped at the residence for approximately 15-30 minutes on the day of her arrest.  *See* 8:15-mj-00099 (D. Neb, Apr. 9, 2015), Filing No. 1 at 5.  The affidavit does not reveal any other connections Zelazny or her crime might have had to the residence; there is no allegation that Zelazny owned or resided there, that she was seen taking anything into or out of the residence, or that she was in the residence at the time she allegedly sent the threatening messages.  There is nothing whatsoever in the warrant to suggest why there was a fair probability that the property sought would have been found at the Hancock Street residence.

To admit the evidence obtained in this search would set a dangerous precedent. The thin reasoning of the search warrant affidavit would subject any number of homes to searches merely because, at some juncture in time, a defendant had stepped foot on the premises.  It would not matter that the defendant did not own the property, did not stay at the property, committed no crime there, nor left any evidence or contraband there.  This result is untenable, and the court can find no case law to support it.

Nor was the search permissible under the good faith exception from *Leon*. Evidence obtained through good faith reliance upon a search warrant should not be excluded from evidence if that search warrant is later found deficient.  *Leon*, 468 U.S. at 920.  But the good faith exception to the exclusionary rule does not apply in every instance.  Evidence should be excluded where, as here, the "warrant [is] based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  *See id. at 923* (internal quotations omitted).  Any reliance on the warrant in this case was unreasonable because of the lack of any nexus between the property sought and the residence to be searched.

IT IS ORDERED that:

1.      The defendant's motion in limine to exclude all evidence obtained by the government during a search of the premises at 1308 Hancock Street in Bellevue, Nebraska, on April 9, 2015 (Filing No. 107) is granted.


Dated this 7th day of October, 2016

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge